**CITY NATIONAL BANK & TRUST CO. OF OKLAHOMA CITY, OKLAHOMA,**
Appellant,

v.

**James C. EDWARDS et al., Appellees.**

No. 6990.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 24, 1960.

Rehearing Denied Nov. 21, 1960.

Harris E. Lofthus, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Wm. W. Gibson, Jr., Amarillo, of counsel, for appellees.

NORTHCUTT, Justice.

The City National Bank & Trust Co. of Oklahoma City, Oklahoma, as plaintiff, sued James C. Edwards, Poole Buick Co., and Arthur Quirk, as defendants, for the recovery of a debt and the foreclosure of a chattel mortgage lien on an automobile. Prior to the trial, a nonsuit was taken as to James C. Edwards. Trial was to the Court without a jury, and at the conclusion of the testimony, the Court entered a judgment denying the plaintiff any recovery against Poole Buick Co. and Arthur Quirk. From that judgment the appellant perfected this appeal. The appellant presents this appeal upon one point of error as follows:

"The Court erred in entering a judgment for defendants, because the evidence shows without contradiction that the vehicle was stolen."

The facts as developed in the case were that the plaintiff contends that it had a first and superior lien upon the car in question by virtue of purchasing a note and lien from Murdock Salyer Chevrolet, an automobile concern of Norman, Oklahoma. There is no evidence in this case other than a conditional sales contract that the Murdock Salyer Chevrolet Co. sold the car in question to James C. Edwards on the 24th day of May, 1958. Neither is there any testimony other than said sales contract that James C. Edwards executed the contract in question. The appellee, Poole Buick Co., purchased the automobile in question from James C. Edwards under an assignment of title as represented by Texas Certificate of Title showing that James C. Edwards purchased the car from Donnie Northcutt of Pawnee, Oklahoma. The State of Oklahoma issued its Certificate of Title to the car in question to Donnie Northcutt on June 25, 1957, which certificate showed there was no lien against said car. Then on October 10, 1958, Donnie Northcutt assigned and transferred the title to the car to James C. Edwards and Flora May Edwards of Amarillo, Texas. So far as the actual record under the proof in this case, the Poole Buick Co. purchased said car by clear record as shown by the Certificate of the State of Texas and then under that record transferred the title to the automobile to Arthur L. Quirk, Jr.

Since the Oklahoma Certificate of Title shows that on June 25, 1957, Donnie Northcutt was the owner of said automobile clear of all liens and the plaintiff did not attempt to show any transfer of title to it or to Murdock Salyer Chevrolet Co. from Donnie Northcutt, there is nothing in this record to indicate that Murdock Salyer Chevrolet ever at any time owned or had the right to sell the automobile in question on May 24, 1958. There is no evidence of any kind to indicate that James C. Edwards ever in any manner stole the car in question as presented by appellant's point of error.

█ Since the case was tried to the Court without a jury and there are no findings of facts or conclusions of law requested or filed by the trial judge, the trial court's judgment, therefore, implies

all necessary fact findings in support of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 by the Supreme Court. See also Yanish v. Allsup, Tex.Civ.App., 246 S.W.2d 275. Under this record, the clear Certificate of Title from the State of Oklahoma showed that Donnie Northcutt owned the automobile. Donnie Northcutt transferred the car to Edwards clear of all indebtedness. The certificate clearly showed that it was issued long before the Murdock Salyer Chevrolet Co. ever attempted to sell the same to Edwards. Thereafter, relying upon the Oklahoma certificate showing a clear title in Edwards, the State of Texas issued the Texas Certificate of Title, and upon this certificate the Poole Buick Co. purchased the automobile. We think this record clearly justifies the finding and holding of the trial court. Judgment of the trial court is in all things affirmed.